UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLASSIC CONSTRUCTION OF NEW ORLEANS CONSTANCE LOFTS, LLC,** et al.<br><br>Plaintiffs,<br><br>versus<br><br>**CHUBB GROUP OF INSURANCE COMPANIES, and AMTRUST NORTH AMERICA, INC.**<br><br>Defendants. | **CASE NO. 20: 2020-CV-03167**<br><br>**JUDGE BARRY W ASHE**<br><br>**MAG. JUDGE JANIS VAN MEERVELD** |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Chubb Group of Insurance Companies ("Chubb"),[1] through undersigned counsel, respectfully submits the following Memorandum in Support of its Motion to Dismiss all claims against Chubb asserted by Plaintiffs, Classic Construction of New Orleans Constance Lofts, LLC, CCNO Constance Lofts, LLC, Classic Construction of New Orleans, LLC, Classic Construction of New Orleans Venture I, LLC, Classic Construction of New Orleans Venture II, LLC, CCNO Venture II, LLC, Tudor Square Apartments, LLC, CCNO Tudor Square Apartments, LLC, Laplaya SPE, LLC and Laplaya SPE GP, LLC, in their Petition for Damages for Breach of Contract ("Petition"),[2] pursuant to FED. R. CIV. P. 8(a) and FED. R. CIV. P. 12(b)(6).

As set forth below, Plaintiffs not only have no right of action against Chubb (or ACE, as the actual issuing company of the Policies). Plaintiffs further have failed to allege any facts that

---

[1] As advised in the Notice of Removal (Rec. Doc. 1), Chubb is not a proper party to this litigation. Chubb Group of Insurance Companies is not a citizen of any state and is not an entity that is capable of being sued. "Chubb Group of Insurance Companies" is a descriptive phrase used to denote separately capitalized insurance companies, which are under common ownership.

[2] *See*, Rec. Doc. 1-1 at the Petition.

1

would support a legally cognizable claim for coverage under the Policies. Accordingly, Chubb should be dismissed from this lawsuit, with prejudice.[3]

## LAW AND ARGUMENT

In ruling on a Motion to Dismiss, this Court should consider documents referred to in the complaint, or central to its claims. *See*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 US 308, 322 (2007) (holding that when considering a motion to dismiss, courts should examine "documents incorporated into the [c]omplaint by reference, and matters of which a court may take judicial notice," in addition to the complaint in its entirety); *see also* FRCP 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998); *Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 925 (S.D. Tex. 2004), *aff'd*, 129 F. App'x. 874 (5th Cir. 2005). When "a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations control, and the [C]ourt need not accept the allegations in the complaint as true." *Qatalys, Inc. v. Mountain Med. Techs., Inc.*, 2015 WL 1401220, *5 (N.D. Tex.) (quoting *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 592 (S.D.NY. 2013) and citing, *inter alia*, *Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014).

Here, although Plaintiffs do not attach the Policies as exhibits, they are explicitly referenced by policy number in Paragraph 1 of the Petition,[4] and are undisputedly central to Plaintiffs' claims for coverage. The Court may therefore consider the ACE Policy and the ACE Umbrella Policy in deciding this Motion to Dismiss, without converting this Motion to Dismiss

---

[3] As the Policies were issued by ACE, it is further requested that the order dismissing Chubb with prejudice also include ACE – as the issuing company for the Policies.
[4] *See*, Rec. Doc. 1-1 at pg. 1 of the Petition. Policy No. SERGAD394225781 (individually, the "ACE Policy") and UMBGAD3942261A1 (individually, the "ACE Umbrella Policy").

into one for summary judgment. *See*, *Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007) (approving defendants' attachment of insurance contracts to their motions to dismiss and noting that where "the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss") (citation omitted); *cert. denied*, 128 S. Ct. 1230, and *cert. denied*, 128 S. Ct. 1231 (2008). The ACE Policy is attached hereto as **Exhibit "1,"** and the ACE Umbrella Policy is attached hereto as **Exhibit "2."**

**I.     Plaintiffs have no right of action against Chubb, because Chubb is not the issuing insurer for the Policies.**

While Plaintiffs allege coverage under the Policies for claimed damages as a result of the purported breach of a contract by Triumph Housing Management, LLC ("Triumph"), Chubb did not issue the Policies. The Policies' Declarations demonstrate that they were issued by ACE Property and Casualty Insurance Company ("ACE") – not Chubb.[5]

As Chubb did not issue the Policies under which Plaintiffs seek coverage, Plaintiffs cannot assert a viable cause of action against Chubb. Accordingly, the Motion to Dismiss should be granted.

**II.    Even if Plaintiffs had properly named ACE, they have no right of action or standing to bring this action as the Petition does not satisfy the requirements of La. R.S. § 22:1269.**

Plaintiffs' entire lawsuit is based on the alleged breach of a contract with Plaintiffs by Triumph, and it is from Triumph's alleged liability for this breach that Plaintiffs seek to recover insurance proceeds under the Policies. As demonstrated below, the Policies do not provide coverage for Plaintiffs' claims. As a threshold issue, however, Plaintiffs' attempt to pursue a

---

[5] Exhibit 1 at Businessowners Policy Declarations, Form No. BOP-43591b (01/17). Exhibit 2 at Declarations, Form No. XS-45423 (03/15).

direct action against Chubb under Louisiana law also fails, because Plaintiffs have not complied with the requirements of the Louisiana Direct Action Statute – La. R.S. 22:12:1269.

Under this statute, an injured person "shall have a right of direct action against the insurer." However, the injured party must also name the insured as a defendant in the action, unless one of the following applies:

(a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

(b) The insured is insolvent.

(c) Service of citation or other process cannot be made on the insured.

(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

(e) When the insurer is an uninsured motorist carrier.

(f) The insured is deceased.

Plaintiffs, however, did not name the alleged liable entity, Triumph, as a defendant in the Petition. Rather, Plaintiffs named only Chubb and another alleged insurer, Amtrust North America, Inc. ("AMTRUST") without any further allegations to support any of the required exceptions to the Direct Action Statute.

A plaintiff's action against an insurer cannot survive unless the insurer has also named the insured – under whose policy the plaintiff seeks to recover – as a defendant, unless the plaintiff pleads and proves that one of the five enumerated circumstances under the direct action statute apply. *White v. State Farm Ins. Co.*, 2003-0754 (La. App. 4 Cir. 11/26/03); 862 So. 2d 263, 265 (granting the insurer's exception for no right of action and dismissing the action where the plaintiffs "failed to offer, let alone prove, that any of the five enumerated circumstances under [the direct action statute] were applicable in this case"):

> The Whites did not name State Farm's insured driver, Jason Armitage, as a defendant in this lawsuit prior to the case being submitted to the court for decision. The Whites produced no evidence showing that Jason Armitage was deceased or that he was adjudged as a bankrupt. The Whites also produced no evidence showing that service of citation could not be made on Jason Armitage. In fact, the police report, stipulated to by all counsel prior to trial, listed Jason Armitage's address. Because none of the enumerated circumstances existed for the Whites to maintain a direct action against State Farm alone under La. R.S. 22:655(B), we hold that State Farm's exception of no right of action should have been granted, and State Farm dismissed.

Id. at 266.[6]

In *Foltmer v. James*, 2001-1510 (La. App. 4 Cir. 9/12/01), 799 So. 2d 545, a plaintiff filed a third-party claim in Orleans Parish against an insurer, St. Paul, and its insured, the City of Gretna. The plaintiff's claim against the City of Gretna was transferred to the 24th Judicial District Court. *Id*. at 546. As a result, St. Paul filed an exception of no right of action in Orleans Parish, arguing that the plaintiff had no right of action to sue the insurer alone because it failed to establish any of the enumerated circumstances under the direct action statute. *Id*. at 546-47. The court agreed, holding that a plaintiff has no right of action to sue an insurer under the policy of another party, except as provided in the direct action statute, which requires the insured be named as a defendant, absent one of the enumerated circumstances therein. *Id*. at 548:

> The fact is that the Direct Action Statute extends a conditional right to file suit, to some parties under some circumstances. The reason the right is conditional is that no privity of contract exists between a plaintiff injured by a tortfeasor and that tortfeasor's insurance company. *Clark v. Durbin*, 590 So. 2d 633, 636 (La. App. 3 Cir. 1991). As indicated by the cases cited above, an injured party obtains a right of action against another person's insurance company only if all the requirements of LSA-R.S. 22:655(B) have been fulfilled. *Id*. Accordingly, an insurance company that proves that the requirements of LSA-R.S. 22:655(B) have not been fulfilled is entitled to dismissal of the claim against it on an exception of no right of action. Because the requirements for filing a direct action against the insurer only have not been met in the instant case, the trial court improperly denied St. Paul's exception of no right of action.

---

[6] The *White* court (and the *Foltmer* court, below) referenced La. R.S. § 22:655, the previous citation for the Louisiana Direct Action Statute, which was redesignated as La. R.S. § 22:1269 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009 without substantive change.

Thus, a plaintiff cannot sustain an action against an insurer alone, unless it has pleaded and established one of the five exceptions enumerated in the direct action statute.

La. R.S. § 22:1269 is the sole basis by which a party in Louisiana may have a right of action against an insurer to recover under another party's policy. *Foltmer*, 799 So. 2d at 548. Despite proceeding with a direct action under the Policies, Plaintiffs have not pleaded facts to establish any of the exceptions in La. R.S. § 22:1269 to allow them to proceed with their claim against Chubb (or ACE) without naming Triumph as a defendant. Plaintiffs have not alleged that Triumph is insolvent, that Triumph had filed for bankruptcy relief, or that Triumph is deceased or dissolved. Plaintiffs also have not alleged any facts to suggest that service could not be made on Triumph. In short, Plaintiffs have failed to meet the requirements of the Louisiana Direct Action statute to assert their claim and therefore, their claim against Chubb fails as a matter of law.

As a result of Plaintiffs' failure to comply with the requirements of La. R.S. § 22:1269, Plaintiffs have no standing to bring this direct action to recover under the Policies for Triumph's alleged liability. The Motion to Dismiss should therefore be granted.

**III.** **Plaintiffs' alleged status as a "named insured" under the Policies does not provide Plaintiffs a claim for insurance coverage for Triumph's alleged breach of its contract with Plaintiffs.**

Plaintiffs attempt to circumvent the requirements of the Louisiana Direct Action Statute by asserting that their alleged insured status alone allows for a direct action claim for insurance proceeds under the Policies. This is incorrect, as their claims are for damages as a result of alleged liability of Triumph for breaching its contract with Plaintiffs – a claim for which Plaintiffs' insured status is entirely irrelevant.

6

3969939-1

Despite continually referring to themselves in the Petition as "named insureds" under the Policies, that assertion – whether true or not – has no relevance to the relief Plaintiffs seek in this case, and it fails to provide any grounds for a viable cause of action for coverage for the underlying claims at issue here under the Policies. In support of their allegations of "insured" status under the Policies, Plaintiffs refer to and attach to the Petition an Exhibit G, which is a series of documents uniformly entitled "Certificate of Liability Insurance" ("Certificates").[7] The Certificates list the Policies, and only set forth liability insurance as the types of policies listed.[8]

The Certificates do not confer any rights upon Plaintiffs, do not constitute a contract between Plaintiffs and the issuing insurer under the Policies, and do not operate to convey coverage, if any, beyond that provided for by the terms of the Policies. *See*, *Sonier v. Montgomery*, 2018 WL 3727767 at *28-29 (E.D. La.); *Riley v. Southwest Bus. Corp.* 2008 WL 4286631 at *6-7 (E.D. La.). Even if the Certificates alone could confer coverage to Plaintiffs under Louisiana law, which they do not and cannot, the Certificates further expressly provide that each Plaintiff is an "additional insured" under the Policies, but only with respect to various <u>liability</u> coverages.[9]

These Certificates, if anything, only state that each named entity is an additional insured under policies of <u>liability insurance</u>, subject to the terms and conditions of those policies. Even assuming *arguendo* that Plaintiffs are correct as to their insured status, the Certificate provides that the "additional insured" under each Certificate is only an insured under liability types of insurance – i.e., that additional insured may be entitled to coverage under the Policies, but only in the event of claims against that insured for that insured's liability to another. That is not the case at hand here.

---

[7] *See*, Rec. Doc. 1-1 at Plaintiffs' Exhibit G to the Petition.
[8] *Id.*
[9] *Id.*

Plaintiffs, however, have not alleged that they are entitled to coverage under the Policies based on their *own* liability. Instead, Plaintiffs' allegations reflect claims under the Policies for coverage based on another party's alleged liability to Plaintiffs – Triumph. Plaintiffs' entire cause of action (and alleged damages) arises solely from Triumph's alleged breach of contract. Plaintiffs' mistaken belief that their claimed (liability) insured status alone confers upon them a right to insurance coverage for damages resulting from Triumph's alleged breach of contract is as misplaced as it is confusing. Plaintiffs' claims against Triumph are expressly set forth in Paragraph 10 of the Petition:

> The acts and/or omissions of Triumph set forth in this pleading fell below the standard of care owed under its contracts and constitute a negligent breach of the contracts with Petitioners and as named insureds on the policies they have a right to proceed and make claims against each of the policies.[10]

Even if Plaintiffs are insureds under the Policies for their own liability, however, this does not create a direct right of recovery under the Policies, or somehow transform their claim for coverage based on Triumph's alleged liability into a first-party claim for coverage. Plaintiffs' allegations facially demonstrate that their claims arise from *Triumph's* alleged liability. The alleged contractual relationship, if any, between Plaintiffs and Chubb/ACE for coverage under the Policies for *Plaintiffs'* liability is wholly irrelevant to Plaintiffs' claims for coverage.[11]

### IV. Plaintiffs' Petition fails on its face to state a plausible claim for coverage under the Policies.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

---

[10] *Id*. at the Petition, Paragraph 10.
[11] In point of – obvious – fact, one does not have to be an insured under a liability policy to make a claim based on the liability of another insured under that policy. Plaintiffs, however, appear to improperly assert both that their insured status alone entitles them to coverage for their claims (it does not), as well as permits Plaintiffs to proceed with the present direct action (as previously addressed, it does not).

8
3969939-1

662, 697, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) "A claim is facially plausible when the plaintiff pleads facts that allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cain v. City of New Orleans*, 2016 U.S. Dist. LEXIS 63527, at *13 (E.D. La. May 13, 2016) (quoting *Iqbal*, 556 U.S. at 678). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929, 940 (2007) (internal brackets and quotation marks omitted). The complaint must present enough facts *on its face* to establish the reasonable expectation that the plaintiff will be able to satisfy every element of the claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

Although courts are bound to accept all well-pleaded facts as true, courts "need not, however, accept the plaintiff's legal conclusions as true." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502-03 (5th Cir. 2014). To survive dismissal, a plaintiff cannot rely on legal conclusions, but rather "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 503. The court's task is to determine if the plaintiff "stated a legally cognizable claim that is plausible" based on the particular <u>facts</u> alleged in the plaintiff's complaint. *Id.* Further, the U.S. Fifth Circuit has applied *Twombly* and *Iqbal* to dismiss complaints for insufficient fact pleading in insurance coverage disputes. *See Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010).

The facts alleged in the Petition – even if taken as true – demonstrate that there is no coverage under the Policies for the claims asserted by Plaintiffs. Plaintiffs' allegations, on their face, fail to satisfy the requirements of the Policies' Insuring Agreements.

A. **The Insuring Agreements for the Policies unequivocally do not provide coverage for the allegations and damages facially asserted by Plaintiffs.**

The previously addressed issues notwithstanding, this lawsuit at its foundation concerns whether Triumph's alleged misconduct or Plaintiffs' alleged losses, even if all such allegations are accepted as true, would be covered by the Policies. When Plaintiffs' allegations are viewed against the terms of the Policies, however, the Policies do not provide coverage for Plaintiffs' claims, and the Motion to Dismiss should be granted.

The Policies are contracts of insurance and, as with all other contracts, they constitute the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). Louisiana courts adhere to the general principle that "[w]hen the language in an insurance contract is clear and unambiguous the agreement must be enforced as written." *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 583 (La. 2003). *See also*, *Central Louisiana Electric Co. v. Westinghouse Electric Corp.*, 579 So. 2d 981, 985 (La. 1991). *See also*, *Hall v. Horace Mann Ins. Co.*, 626 F.Supp.2d 630, 633 (E.D. La. 2009). The "words and phrases used in an insurance policy should be construed using their plain and generally prevailing meaning, unless those words have acquired a technical meaning." *Hall v. Horace Mann*, 626 F.Supp.2d at 634, *citing*, La. Civ. Code art. 2047. *See also*, *Cent. La. Elec. Co.*, 579 So. 2d at 986. An insurance contract "is to be construed as a whole, and one portion thereof should not be construed separately at the expense of disregarding another." *Pareti*, 536 So. 2d at 420. Further, "courts have no authority to alter the terms of policies under the guise of contractual interpretation when the policy provisions are couched in unambiguous language." *Id.* Plaintiffs bear the initial burden of alleging facts that bring the claim within the terms of the Policy. *Cent. La. Elec. Co.*, 579 So. 2d 981. *Citing*, *Turner v. Ewing*, 232 So. 2d 468 (La. 1970). *See also*, *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 295 (5th Cir. 2009). In disputes over coverage for an alleged loss, "it is the burden of the

insured to prove the incident falls within the policy's terms." *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000) (citing *Barber v. Best*, 394 So. 2d 779, 781 (La. App. 4th Cir. 1981)); *see Morrison Grain Co. v. Utica Mut. Ins. Co.*, 632 F.2d 424, 429 (5th Cir. 1980).

Plaintiffs allege in the Petition that, as a result of Triumph's "breach of contract," Plaintiffs sustained the loss of "tax credits on certain rental units" (and "jeopardized remaining tax credits"),[12] and other unspecified "damages" allegedly caused when Triumph "breached its contracts" in the following respects:

a. "Qualify by age and income all tenants for the properties";

b. "Perform repair and maintenance of the properties";

c. "Complete the proper documents required for local, state, and federal government compliance and tax credits";

d. "Collect and deposit rental and other income";

e. "Take appropriate actions including eviction when tenants defaulted";

f. "Screen, train, and supervise its employees"; and

g. "Other such actions as will be proven at trial."[13]

Neither the alleged actions undertaken by Triumph in breach of its contracts with Plaintiffs, nor the claimed damages resulting from these alleged breaches, are covered by the unambiguous provisions of the Policies.

The Policies were issued to Triumph Management Group, LLC, as the Named Insured.[14] As a threshold matter, the ACE Policy's Insuring Agreement for Section II – Liability provides that the ACE Policy "will pay those sums the insured becomes legally obligated to pay as

---

[12] Rec. Doc. 1-1 at the Petition, Paragraph 7.
[13] *Id.* at Paragraph 11
[14] See generally, Exhibit 1 and Exhibit 2. While Chubb reserves the right to assert that Triumph Housing Management, LLC is not an insured under the Policies, this issue is not necessary for the present Motion to Dismiss because the Policies facially do not provide coverage for Plaintiffs' allegations.

damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies."[15] The ACE Umbrella Policy's Insuring Agreement for Coverage A – Bodily Injury and Property Damage Liability similarly provides that the ACE Umbrella Policy "will pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'bodily injury' or 'property damage' to which this insurance applies."[16] As Plaintiffs do not allege any "bodily injury" or "personal and advertising injury," Plaintiffs can only recover under the Policies if they allege "property damage." The Policies define "property damage" as "physical injury to tangible property, including all resulting loss of use of that property," and "loss of use of property that is not physically injured."[17]

Plaintiffs have not alleged that any tangible property has sustained any physical injury, nor that it has lost the use of any tangible property. Plaintiffs have alleged damages in the form of lost tax credits, and that Triumph failed to perform its contractually obligated tasks such as completing paperwork or collecting rent. Under Louisiana law, and the terms of the Policies at issue, such purely economic losses do not qualify at "property damage." *CMP Coatings, Inc. v. Tokyo Marine & Nichido Fire Ins. Co.*, 2012 WL 3901625 at *6-7 (E.D. La.), *citing*, *Lamar Advertising Co. v. Continental Cas. Co.*, 396 F.3d 654, 662 (5th Cir. 2005) (Holding that economic loss arising from breach is contract is not covered as "property damage;" contractual rights are intangible in nature and thus any resulting economic loss arising from the interference with such rights would not be covered under the "property damage" coverage of the policy); *Selective Ins. Co. of Southeast v. J.B. Mouton & Sons*, 954 F.2d 1075, 1080 (5th Cir. 1992) (Holding that there was no coverage for alleged lost income and rent due to fraud in connection with development; such economic losses are not property damage). That Plaintiffs allegations do

---

[15] Exhibit 1 at Form BP 00 03 07 13, pg. 35.
[16] Exhibit 2 at Form CU 00 01 04 13, pg. 1.
[17] Exhibit 1 at Form BP 00 03 07 13, pg. 50. Exhibit 2 at Form CU 00 01 04 13, pg. 17.

not concern actual "property damage" is further reinforced by Plaintiffs' alleged notice of its claims under the Policies, which was also submitted by Plaintiffs as an exhibit to the Petition, wherein Plaintiffs assert that Triumph's actions:

> [R]esulted in financial losses totaling several hundred thousand dollars, and the possible loss of accreditation of said properties with the Louisiana Housing Authority and loss of tax credits. It appears that these losses are the failure of Triumph to comply with established guidelines and standards, and possible financial mismanagement and or fraud in the collection of and accounting for rents and revenues for subject properties.[18]

Even Plaintiffs' allegations concerning Triumph's alleged failure to perform maintenance or repair of the subject properties does not constitute an allegation that Triumph itself actually caused any physical damage to the properties by its action or inaction. As Plaintiffs do not allege in the Petition a viable claim for "property damage," as that term is unambiguously defined in the Policies, Plaintiffs have failed to state a valid claim for which relief can be granted, and the Motion to Dismiss should be granted.

Even if Plaintiffs alleged "property damage" in their Petition, which they do not, the Policies also require that any such "property damage" be caused by an "occurrence."[19] The Policies define "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[20] The basis for Plaintiffs' claims under the Policies are Triumph's alleged breach of contract. Courts in the U.S. Fifth Circuit, however, have held that breach of contract does not constitute an "occurrence" as that term is defined by the Policies here. *See*, *Gilchrist Constr. Co., LLC v. Travelers Indem. Co.*, 811 Fed. Appx. 262 (5th Cir. 2020), *citing*, *Longleaf Investments, LLC v. Cypress Black Bayou Recreation and Water Conservation Dist.*, 162 So. 3d 479, 484 (La. App. 2d 2015). *See also*, *Dart v. Kitchens Bros.*

---

[18] Rec. Doc. 1-1 at Plaintiffs' Exhibit F to the Petition.
[19] Exhibit 1 at Form BP 00 03 07 13, pg. 35. Exhibit 2 at Form CU 00 01 04 13, pg. 1.
[20] Exhibit 1 at Form BP 00 03 07 13, pg. 49. Exhibit 2 at Form CU 00 01 04 13, pg. 16.

*Mfg. Co.*, 2006 U.S. Dist. LEXIS 117176 (M.D. La.); *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, 2002 U.S. Dist. LEXIS 4147 (E.D. La.).

The conduct that Plaintiffs allege of Triumph, which it claims to be the cause of its losses, is also expressly not in the nature of an "accident." Plaintiffs claim that Triumph breached its contract by failing to perform its contractually obligated services, after Triumph advised Plaintiffs that it was terminating those agreements.[21] Even assuming that every allegation in Plaintiffs' Petition is true (which Chubb denies), Triumph's written decision to terminate its contracts with Plaintiffs and cease performing its obligations thereunder would not constitute an "accident." Accordingly, any resulting alleged losses caused by such conduct would not be covered, as they would not be the result of an "occurrence," as that term is unambiguously defined by the Policies.

Plaintiffs' Petition fails to state a claim for which relief can be granted, because the allegations set forth therein – even if the Court accepts every well-pleaded fact as true – do not satisfy the requirements of the Policies' Insuring Agreements for "property damage" caused by an "occurrence." Accordingly, the Motion to Dismiss should be granted.

V.  **Based on the absence of coverage under the Policies, Plaintiffs have no valid claim for bad faith.**

While Plaintiffs do not expressly state a cause of action for bad faith under Louisiana's bad faith statutes, they nonetheless assert that the insurers have "breached their duty of good faith and fair dealings as well as its [*sic*] affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with Petitioner." For the reasons set forth above, however, any such claims by Plaintiffs for alleged bad faith necessarily fail.

---

[21] Rec. Doc. 1-1, the Petition at Paragraph 5. *See also*, Plaintiffs' Exhibit E to the Petition.

As demonstrated throughout, Plaintiffs have failed to allege facts that, even if true, would entitle them to coverage under the Policies. As a result, Plaintiffs' claims for coverage under the Policies should be dismissed. Any further statutory bad faith claims by Plaintiffs should likewise be dismissed, based on the lack of coverage under the Policies for their underlying claims. As a matter of settled law, such claims for statutory bad faith require, among other things, that there be a "valid underlying claim" for coverage.[22] Because Plaintiffs have no valid coverage claim, there is no cognizable cause of action for bad faith.

## CONCLUSION

Plaintiffs have failed to allege a viable cause of action for coverage under the Policies, or statutory bad faith, for the claims and allegations asserted in the Petition. Accordingly, the Motion to Dismiss should be granted, and the claims asserted against Chubb (and any such allegations against ACE, by virtue of ACE being the issuing company for the Policies) by Plaintiffs in their Petition should be dismissed, with prejudice.

Respectfully submitted:

By:/s/ *Leah N. Engelhardt*
Leah N. Engelhardt (#23232)
Thomas H. Prince (#32219)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
E-mail: engelhardt@chaffe.com
prince@chaffe.com

***Attorneys for Chubb Group of Insurance Companies***

---

[22] *Cashman Equip. Corp. v. Rozel Operating Co*., 854 F.Supp.2d 406, 414 (M.D. La. 2012) (citations omitted)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served upon all counsel of record in this proceeding by:

        (   )   Hand Delivery             (   )   Prepaid U.S. Mail

        (   )   Facsimile                  (   )   Federal Express

        (   )   E-mail                     ( X )   ECF

New Orleans, Louisiana this 18th day of December, 2020.

                */s/ Leah N. Engelhardt*
                LEAH N. ENGELHARDT