UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLASSIC CONSTRUCTION OF NEW ORLEANS CONSTANCE LOFTS, LLC, *et al.* | CIVIL ACTION<br><br>NO. 20-3167 |
| VERSUS | SECTION M (1) |
| CHUBB GROUP OF INSURANCE COMPANIES, *et al.* | |

**ORDER**

Before the Court is a motion by defendant ACE Property and Casualty Insurance Company ("ACE") to dismiss pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure.[1] The motion was set for submission on February 24, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was February 17, 2022. Plaintiffs Classic Construction of New Orleans Constance Lofts, LLC, CCNO Constance Lofts, LLC, Classic Construction of New Orleans, LLC, Classic Construction of New Orleans Venture I, LLC, Classic Construction of New Orleans Venture II, LLC, CCNO Venture II, LLC, Tudor Square Apartments, LLC, CCNO Tudor Square Apartments, LLC, LaPlaya SPE, LLC, and LaPlaya SPE GP, LLC (collectively, "Plaintiffs"), which are represented by counsel, did not file an opposition. Accordingly, because the motion is unopposed and it appears to the Court that the motion has merit,[3]

---

[1] R. Doc. 50.
[2] R. Doc. 50-3.
[3] Plaintiffs own various apartment complexes in Louisiana. R. Doc. 21 at 1. In March 2016, Plaintiffs entered into multiple separate contracts with Triumph Housing Management, LLC ("Triumph") under which Plaintiffs were to pay Triumph to manage certain properties. *Id.* at 2. Triumph's contractual duties included qualifying tenants by age and income, performing maintenance and repairs, completing government compliance and tax credit documents, collecting and depositing rental and other income, taking appropriate action (including eviction) upon tenant default,

IT IS ORDERED that ACE's motion to dismiss (R. Doc. 50) is GRANTED, and Plaintiffs' claims against ACE are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 19th day of February, 2022.

                                                                   BARRY W. ASHE
                                                                   UNITED STATES DISTRICT JUDGE

---

and screening, training, and supervising employees. *Id.* at 2-3. On January 2, 2019, Triumph informed Plaintiffs that the contracts would terminate on March 2, 2019. *Id.* at 3. Plaintiffs filed this action against ACE and two other insurance companies pursuant to Louisiana's direct-action statute, La. R.S. 22:1269, alleging that the insurance companies are liable for breaches of contract committed by their insured, Triumph. *Id.* at 1-5. Triumph is not a party to this action because it is in bankruptcy proceedings. *Id.* at 4. ACE argues that Plaintiffs' claims must be dismissed because they sound in contract and, thus, are not cognizable under the direct-action statute. R. Doc. 50-1 at 1-8. "Louisiana state and federal courts, including this Court, have consistently held that, '[t]he Louisiana Direct Action Statute applies only to torts and not to contract disputes.'" *Pate v. Tim Clark Constr., LLC*, 487 F. Supp. 3d 536, 544 (E.D. La. 2020) (quoting *Landry v. Covington Specialty Ins. Co.*, 2018 WL 3323239, at *2 (E.D. La. July 5, 2018)) (collecting cases). This is because "'the "injured person," contemplated by the [Direct Action Statute], accorded a right of direct action, is a person injured as a result of tortious conduct and not one injured as a result of breach of contract.'" *Id.* (quoting *TMA Leasing, Inc. v. Vacuum Truck Sales & Serv., LLC*, 2016 WL 3351011, at *2 (M.D. La. June 15, 2016)). Plaintiffs' claims against ACE allege breach of contract, not tort. Even the passing reference to a "negligent breach of the contracts" in paragraph 10 of the amended complaint is still predicated on Triumph's failure to perform under the contracts. R. Doc. 21 at 3-4. Therefore, Plaintiffs do not have a cause of action against ACE under the Louisiana direct-action statute. Moreover, Plaintiffs fail to demonstrate coverage under the terms of ACE's insurance policy for any claims they purport to assert as a "named insured." Hence, Plaintiffs' claims against ACE must be dismissed.